USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/8/13

## CONSENT JUDGMENT

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br>OXYCONTIN ANTITRUST LITIGATION | 04-MD-1603 (SHS) |
| PURDUE PHARMA L.P.,<br>THE P.F. LABORATORIES, INC., and<br>PURDUE PHARMACEUTICALS L.P., and<br>RHODES TECHNOLOGIES,<br><br>    Plaintiffs and Counterclaim Defendants,<br>v.<br><br>RANBAXY INC.,<br>RANBAXY PHARMACEUTICALS INC.,<br>RANBAXY LABORATORIES LTD.,<br>ACTAVIS ELIZABETH LLC,<br>MYLAN PHARMACEUTICALS INC.,<br>And MYLAN INC.,<br><br>    Defendants and Counterclaim Plaintiffs. | This document relates to:<br><br>C.A. No. 10-civ-3734 (SHS) |
| PURDUE PHARMA L.P.,<br>THE P.F. LABORATORIES, INC., and<br>PURDUE PHARMACEUTICALS L.P., and<br>RHODES TECHNOLOGIES,<br><br>    Plaintiffs and Counterclaim Defendants,<br>v.<br><br>RANBAXY INC.,<br>RANBAXY PHARMACEUTICALS INC. and<br>RANBAXY LABORATORIES LIMITED,<br><br>    Defendants and Counterclaim Plaintiffs. | C.A. No. 11-civ-2401 (SHS)<br>C.A. No. 11-civ-7104 (SHS) |

**CONSENT JUDGMENT
BETWEEN
PURDUE PHARMA L.P., THE P.F. LABORATORIES, INC.,
PURDUE PHARMACEUTICALS L.P., AND RHODES TECHNOLOGIES AND RANBAXY INC.,
RANBAXY PHARMACEUTICALS INC.
AND RANBAXY LABORATORIES LIMITED**

On consent of Purdue Pharma L.P., The P.F. Laboratories, Inc., Purdue Pharmaceuticals L.P. and Rhodes Technologies and Ranbaxy Inc., Ranbaxy Pharmaceuticals Inc., and Ranbaxy Laboratories Limited, and as settlement of this action between and among those parties, PURDUE PHARMA L.P., a limited partnership organized and existing under the laws of the State of Delaware, having a place of business at One Stamford Forum, 201 Tresser Boulevard, Stamford, Connecticut 06901, THE P.F. LABORATORIES, INC., a corporation organized and existing under the laws of the State of New Jersey, having a place of business at 700 Union Boulevard, Totowa, New Jersey 07512, PURDUE PHARMACEUTICALS L.P., a limited partnership organized and existing under the laws of the State of Delaware, having a place of business at 4701 Purdue Drive, Wilson, North Carolina 27893, and RHODES TECHNOLOGIES, a general partnership organized and existing under the laws of the State of Delaware, having a place of business at 498 Washington Street, Coventry, Rhode Island 02816 (individually and collectively, "Purdue"), and RANBAXY INC., a corporation organized and existing under the laws of the State of Delaware, having a place of business at 600 College Road East, Suite 2100, Princeton, New Jersey 08540, RANBAXY PHARMACEUTICALS INC., a corporation organized and existing under the laws of the State of Florida, having a place of business at 9431 Florida Mining Boulevard East, Jacksonville, Florida 32257, and RANBAXY LABORATORIES LIMITED, a corporation organized and existing under the laws of India, having a place of business at Plot No. 90, Sector 32, Gurgaon – 122 001 (Haryana), India (individually and collectively, "Ranbaxy") (Purdue and Ranbaxy being sometimes referred to herein individually as a "Party" and collectively as the "Parties"), it is Ordered, Adjudged and Decreed as follows:

1. Terms used in this Consent Judgment and not otherwise defined shall have the meanings ascribed thereto in the Settlement Agreement, dated as of December 28, 2012, by and among Purdue and Ranbaxy (the "Settlement Agreement").

2. Purdue's U.S. Patent Nos. 7,674,799, 7,674,800 and 7,683,072 (collectively, the "Asserted Purdue Patents") (i) are infringed by the filing of the Ranbaxy ANDAs seeking approval from the FDA, (ii) will be infringed by products made, used, sold or offered for sale, shipped, distributed or imported by Ranbaxy under the Ranbaxy ANDAs and (iii) will be infringed by the filing by Ranbaxy of any future ANDA for any controlled-release oxycodone product administered on a twice daily basis and that references the Purdue NDAs. The Asserted Purdue Patents are valid and enforceable with respect to controlled release oxycodone products administered on a twice daily basis that reference the Purdue NDAs and will be valid and enforceable with respect to controlled release oxycodone products administered on a twice daily basis that reference the Purdue NDAs in any future causes of action or litigation involving Ranbaxy, its successors or assigns, including any other or future causes of action or litigation respecting such products. Nothing contained in this paragraph 2 shall be deemed to confer any rights on any party other than the Parties and their Affiliates.

3. Except as provided for or may be agreed to in writing by the Parties in the Settlement Documents, from and after November 14, 2012, Ranbaxy, including any of its successors and assigns, and any of its or their respective officers, agents, servants, employees and attorneys and those persons in active concert or participation with Ranbaxy, are permanently enjoined from (a) infringing the Asserted Purdue Patents, including but not limited to, making, having made, using, offering to sell, selling, shipping, distributing or importing Ranbaxy Products or any other controlled-release oxycodone product administered on a twice daily basis that references the Purdue NDAs, and (b) submitting or maintaining after the tenth (10th) day following the License Termination Date or the PLA Termination Date (in each case as defined in the Patent License Agreement), within the Ranbaxy ANDA No. 202427, a certification regarding the Purdue Patent under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) and 21 C.F.R. § 314.94(a)(12)(i)(A)(4). In addition, pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of FDA

3

Approval of the Ranbaxy ANDA No. 202427 shall not be earlier than the date of the expiration of the last to expire of the Asserted Purdue Patents, including any period of exclusivity under the Federal Food, Drug and Cosmetic Act, 21 U.S.C. sections 301, et seq., including any amendment thereof; provided, however, that the provisions of this paragraph shall not apply following the Terminal Date or as otherwise provided in the Settlement Agreement. Ranbaxy waives any possible antitrust or other claims against Purdue based on conduct or events that have occurred prior to the date of entry of this Consent Judgment relating to the Asserted Purdue Patents, as well as any claims or counterclaims that could have been pleaded in the Actions.

4. Notwithstanding anything in this Consent Judgment to the contrary, but consistent with the proviso of this paragraph 5 and paragraph 20 of the Settlement Agreement, nothing set forth in this Consent Judgment shall be deemed to prevent Ranbaxy from (i) making, having made, using, importing, selling or offering for sale any product which does not infringe the Asserted Purdue Patents or the Foreign Patents and (ii) performing any act protected by 35 U.S.C. § 271(e)(1), provided, however, that nothing set forth in this Consent Judgment is intended to license or authorize Ranbaxy to engage in any of the activities described above in this paragraph 5 or otherwise to make, have made, use, import, sell or offer for sale any product, in any case, unless specifically permitted and authorized by Section 1 of the Patent License Agreement or Section 2.1 of the Distribution and Supply Agreement, as applicable, and Purdue reserves all of its rights to assert a claim of patent infringement for any of such activities and seek all remedies available to it at law or in equity with respect to such claim.

5. Except for the rights, agreements and covenants specifically granted pursuant to the Settlement Documents, no other right, written or oral license or sublicense, covenant not to sue, waiver or release or other written or oral authorization is or has been granted or implied by this Consent Judgment. No activity by Ranbaxy with respect to the making, having made, using, offering to sell, selling, shipping, distributing or importing of any (a) Ranbaxy Product or (b) any other pharmaceutical product or ingredient, shall constitute an authorized sale unless it is expressly permitted and authorized under Section 1 of the Patent License Agreement or Section 2.1 of the Distribution and Supply

Agreement, as applicable; and no determination that any patent rights of the Purdue Companies in the Asserted Purdue Patents or any other intellectual property have been terminated or exhausted may be based on any activity by Ranbaxy whatsoever unless and solely to the extent that such activity relates to a sale of Ranbaxy Products expressly permitted and authorized under Section 1 of the Patent License Agreement or Section 2.1 of the Distribution and Supply Agreement, as applicable.

6. Except as the Parties have heretofore expressly provided for in writing, by virtue of this Consent Judgment, all claims and demands for relief prayed for by Purdue and Ranbaxy in the Actions are deemed to be satisfied.

7. In addition to remedies for contempt of this Consent Judgment which Purdue or Ranbaxy, as the case may be, has, in the event of breach or violation by the other party of the terms of this Consent Judgment, the non-breaching party is entitled to specific performance, or appropriate injunctive relief against the breaching party with respect to the breaching conduct solely upon a showing of a likelihood of success of establishing that such a breach occurred. The Parties agree that jurisdiction and venue for such an action exists in this District Court, and waive any and all defenses based on personal jurisdiction, subject matter jurisdiction and venue.

8. This Consent Judgment is entered pursuant to Rule 58 of the Federal Rules of Civil Procedure, and the Actions are hereby dismissed without costs or attorney's fees, save that this District Court shall retain jurisdiction over the Actions, including without limitation, over implementation of, or disputes arising out of, this Consent Judgment or the settlement of the Actions. A prevailing party shall be entitled to recover attorneys fees in any such proceeding occurring after the entering of this Consent Judgment in which the case is found to be an exceptional one.

[remainder of this page intentionally left blank]

Civil Action No. 10 Civ. 3734 (SHS)
Civil Action No. 11 Civ. 2401 (SHS)
Civil Action No. 11 Civ. 7104 (SHS)

Consent Judgment Signature Page

By: *Robert J. Goldman/RJR*   By: *W. R. Zimmerman*

Pablo D. Hendler
Sona De
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
212 596-9000

Robert J. Goldman
ROPES & GRAY LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303
650-617-4000

*Attorneys for Plaintiffs*
 *Purdue Pharma L.P.,*
 *The P.F. Laboratories, Inc.*
 *Purdue Pharmaceuticals L.P., and*
 *Rhodes Technologies*

Frank J. Colucci
COLUCCI & UMANS
218 East 50th Street
New York, NY 10022

William R. Zimmerman
KNOBBE MARTENS OLSON & BEAR LLP
1717 Pennsylvania Avenue, NW
Washington, DC 20006
202-640-6404

*Attorneys for Defendants Ranbaxy Inc.,*
 *Ranbaxy Pharmaceuticals Inc. and*
 *Ranbaxy Laboratories Limited*

Dated: January 8, 2013

SO ORDERED:

_____
United States District Judge